## No. 386

No. 19846—The State, ex rel. Crabbe, Att'y Gen'l., v. The Indiana, Colubmus & Eastern Traction Co. In Quo Warranto.

985. QUO WARRANTO—Where, in an action to oust street railway company because of violation of city franchise pleadings show that the property of said company was in the hands of Federal receiver, the state courts lose jurisdiction and the acton beng based on violations after federal court assumed control, the action will not lie.

JONES, J.

An action in quo warranto was instituted in a state court for the purpose of forfeiting the charter of an interurban traction company and of ousting it from its corporate franchises, including its right to operate within certain city limits, for the reason that the corporation had, under express provisions of

(Continued on Page 334)

# MONTHLY CASE LAW NOTES

8 Ohio 228. Pedam v. Robb.
Followed: 485. Executors &
Administrators.
Fechheimer v. Kiefer. OA. 5
Abs. 265.

21 OS. 306. Callahan v. State.
Affirming: 333. Criminal Law.
Weber v. State. OA. 5 Abs. 275.

26 OS. 426. Railway Co. v. Harter.
Supporting: 313. Corporations.
Kiebler Realty Co. v. Miller. OA.
5 Abs. 195.

37 OS. 558. Spear v. Walbridge.
Followed: 1228. Vendor's Lien.
Ohio Sav. Assn. v. Bell et. OA.
5 Abs. 245.

39 OS. 614. Lovell v. Wentworth.
Affirming: 923. Pleading.
Bates v. McDowell. OA. 5 Abs.
246.

41 OS. 552. Bank v. Flour Co.
Supporting: 313. Corporations.
Kiebler Realty Co. v. Miller. OA.
5 Abs. 195.

42 OS. 299. Weil v. Guerin.
Followed: 887. Parties.
Fechheimer v. Kiefer. OA. 5
Abs. 265.

43 OS. 198. Elliott v. Platter.
Followed: 1228. Vendor's Lien.
Ohio Sav. Assn. v. Bell et. OA.
5 Abs. 245.

43 OS. 220. Beals v. Lewis.
Followed: 631. Industrial Com-
mission.
Betleyoun v. Ind. Com. OA. 5
Abs. 277.

43 OS. 526. Spangler v. Cleveland.
Followed: 747. Mandamus.
Lundoff-Bicknell v. Smith. OA.
5 Abs. 258.

46 OS. 639. Brandere v. Hoffman.
Reversed: 413. Divorce.
Kristo v. Kristo. OA. 5 Abs.
279.

50 OS. 330. Doyle v. Doyle.
Followed: 914. Personal Prop-
erty.
Hayes v. Lindquist. OA. 5 Abs.
276.

52 OS. 262. Railroad v. Defiance.
Followed: 801. Municipal Law.
Rowe Jr. v. Cincinnati. OA. 5
Abs. 243.

52 OS. 460. Heddlestown v. Hen-
dricks.
Followed: 801. Municipal Law.
Rowe Jr. v. Cincinnati. OA. 5
Abs. 243.

57 OS. 385 (Syl 2.) McGrath v.
Cowan.
Followed: 887. Parties.
Fechheimer v. Kiefer. OA. 5
Abs. 265.

58 OS. 67. Ashland (Vil.) v.
Greiner.
Supporting: 329. Covenants.
Solar v. Ruehlman Jr. Com. P.
5 Abs. 206.

60 OS. 607. Kerr v. Kell.
Overruled: 1065. Schools.
Neiswander v. Brickner. OA. 5
Abs. 200.

64 OS. 369. Law v. Law.
Followed: 631. Industrial Com-
mission.
Betleyoun v. Ind. Com. OA. 5
Abs. 277.

65 OS. 451. Mansfield v. Balliett.
Affirmed: 313. Corporations.
Ohio Stock Food Co. v. Gintling.
OA. 5 Abs. 263.

67 OS. 7. State v. Lagenstroer.
Affirming: 685. Justice of Peace.
State v. Dubay. OA. 5 Abs. 246.

69 OS. 215. Lindsay v. State.
Followed: 683. Jury.
Weber v. State. OA. 5 Abs. 275.

70 OS. 121. Carey v. State.
Supporting: 308. Conviction.
Staniforth v. State. OA. 5 Abs.
243.

81 OS. 121. Ginn v. Dolan.
Supporting: 225. Charge to Jury
Bates v. McDowell. OA. 5 Abs.
246.

84 OS. 70. State v. Sappienza.
Followed: 647. Insurance.
Great Amer. Ind. Co. v. Hall.
OA. 5 Abs. 261.

89 OS. 61. Kleybolte v. Buffon.
Followed: 714. Liability.
Uthoff v. Radtke. OA. 5 Abs.
274.

97 OS. 145. Niemes v. Niemes.
Followed: 1271. Wills.
Webster v. Webster. OA. 5 Abs.
244.

100 OS. 88. Rider v. Crobaugh.
Supporting: 1228. Vendor's Lien
Ohio Sav. Assn. v. Bell et. OA.
5 Abs. 245.

101 OS. 282. Chesrown v. Bevier.
Followed: 1024. Ges Gestae.
Patton v. Motor Truck v. Knapp.
OA 5 Abs. 267.

104 OS. 61. Taylor v. F. Cowers
Homes.
Interpreted: 301. Contributory
Negligence.
Cent. Pub. House v. Flury. OA.
5 Abs. 261.

105 OS. 471. Wells v. Wells.
Followed: 413. Divorce.
Karpanty v. Karpanty. OA. 5
Abs. 265.

106 OS. 21. Wheatcraft v. Hall.
Overruled: 1271. Wills.
Naus v. Vorndran. OS. 5 Abs.
239.

107 OS. 75. Silverglade v. Van
Rohr.
Followed: 714. Liability.
Uthoff v. Radtke. OA. 5 Abs.
274.

107 OS. 425. Realty Co. v.
Schackne.
Followed: 704. Land Contracts.
Clukey v. Doro Realty Co. OA.
5 Abs. 260.

108 OS. 346. Edelstein v. Cook.
Reversed: 465. Error.
Machlitt v. Myers. OA. 5 Abs.
279.

109 OS. 77. Long v. State.
Followed: 683. Jury.
Weber v. State. OA. 5 Abs. 275.

110 OS. 224. Simmons v. Eichel-
berger.
Followed: 887. Parties.
Fechheimer v. Kiefer. OA. 5
Abs. 265.

111 OS. 391. Railway Co. v. Lee.
Supporting: 949. Presumptions.
Cleve. Ry. Co. v. Moersch, Admx.
OA. 5 Abs. 194.

113 OS. 96. State ex v. Duffey.
Followed: 1283. Workmen's
Compensation.
Tyler v. Indust. Com. OA. 5
Abs. 262.

113 OS. 579. State ex v. Duffey.
Followed: 1283. Workmen's
Compensation.
Tyler v. Indust. Com. OA. 5
Abs. 262.

113 OS. 682. Wigmore v. Chapman
Followed: 997. Real Estate.
Dickson v. Un. Cent. Life Assn.
OA. 5 Abs. 277.

115 OS. ——. Terminal R. R. v.
Hughes.
Distinguished: 118. Automobiles.
Mostov v. Unkefer. OA. 5 Abs.
242.

9 Ohio App. 73. Supply Co. v. Cre-
sap.
Followed: 704. Land Contracts.
Clukey v. Doro Realty Co. OA.
5 Abs. 260.

11 Ohio App. 137. Golner v. Bede.
Followed: 1228. Vendor's Lien.
Ohio Sav. Assn. v. Bell et. OA.
5 Abs. 245.

13 Ohio App. 74. Bleir v. Crouse.
Followet: 636. Juvenile Court.
Dickson v. Un. Cent. Life Assn.
OA. 5 Abs. 277.

14 Ohio App. 165. Stowe v. Regen
stein.
Followed: 997. Real Estate.
Dickson v. Un. Cent. Life Assn.
OA. 5 Abs. 277.

5 C. C. (ns) 332. Railroad Co. v.
City.
Followed: 455. Eminent Domain.
Roosevelt Bldg. Co. v. Cleveland.
OA. 5 Abs. 274.

8 C. C. (ns) 537. Lingafelter v.
State.
Affirming: 223. Change of Venue
Weber v. State. OA. 5 Abs. 275.

16 C. C. (ns) 469. Ellen v.
Thracker.
Cited: 923. Pleading.
Bates v. McDowell. OA. 5 Abs.
246.

16 C. C. 31. Ickes v. State.
Affirming: 683. Jury.
Weber v. State. OA. 5 Abs. 275.

17 O. C. C. (ns) 380.
Followed: 683. Jury.
Weber v. State. OA. 5 Abs. 275.

9 N. P. (ns) 589. Evans v. Evans.
Affirming: 615. Husband & Wife
Hardin et v. Ehring et. OA. 5
Abs. 287.

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879.

Issued Every Saturday          50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00
Single Numbers ................................ .35

Chief Editor and Bus. Mgr., Jay F. Laning

Circulation Manager, Sam H. Torrey

THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

### CORPORATION CODE

Last week's Abstract announced the early publication of the Laning Simplified Ohio Corporation Code, and presented its claimed merits. Any of our subscribers who did not read the statement, page 317 are requested to do so, believing it worth their while. This week, to show the style and completeness of the work, we are printing a part of a page, the reading of which will explain our last week's comment. We desire to say also, that any one who orders, may upon receipt of the book if unsatisfactory, return it, and will receive his money back at once.

### HIDDEN CASE LAW TREASURES

We have in our Library, copies of the briefs of a large number of the cases decided by the Supreme Court of Ohio since the Law Abstract began the publication of Pending Cases. These briefs enable us to give information as to what the highest court decided in many cases where no Court of Appeals opinion was dictated and where the motion to certify was overruled. They often enable us to furnish information to our subscribers concerning antecedent unreported cases, that involve interesting points of law, thus indirectly passed upon by the highest court. They may also furnish to attorneys who have cases involving similar issues, a clue to the inclination of the highest court, upon some of the questions presented.

### AN EXTENSIVE INQUIRY SERVICE

There is no need of our calling attention to the matter appearing upon the front page of this week's Abstract. "It speaks for itself." It gives a plain statement of the service we have for a long time been rendering, to such of our subscribers as have applied for it. In making this definite statement, we hope to get a knowledge of the extent to which inquirers may go, in questioning us; and also inform all who have not yet learned of the fact, that we are thus at their command, and willing to furnish them this important free service.

### A LIBRARY OF UNREPORTED COURT OF APPEALS PRECEDENTS

Our Library files contain manuscript cases of nearly every Court of Appeals opinion published in this paper since the Abstract's existence began. Stenographic notes of some of these opinions do not exist, or are not to be found, and copies of them cannot now be transcribed readily, and generally not at all. This valuable storehouse of precedents thus preserved exists largely only in the Abstract's Filing Cases, and their serviceability, thus inures largely to its subscribers, to whom the knowledge we furnish is available, through its Inquiry Service. This is one of the many reasons the Ohio practitioner has for keeping up his set of Ohio Law Abstracts.

(Continued from Page 332)

the local city franchise, forfeited the same together with its right to operate within said city. In the action it was developed by the pleadings and proof that, prior to the bringing of the quo warranto suit, the property of the traction company had been placed in the custody of a Federal court in a foreclosure proceeding and that the same was in the possession of and was being operated by a Federal receiver under the decrees of that court.

**HELD:** 1. Under the case presented a judgment of ouster from operation under the local city franchise or the appointment of a receiver by the state court would in effect interfere with and disturb the jurisdiction and custody of the Federal court; and that court having obtained prior jurisdiction and custody of the corporate property, such property and the method of its operation is withdrawn from the jurisdiction of the state courts.

2. The gravamen of this action, as presented, is based upon a forfeiture by the traction company because of the latter's non-compliance with express provisions of a local city franchise relating to street paving and street car service. The record does not disclose any default upon the part of the corporation with respect to those provisions prior to the time the Federal court assumed jurisdiction over the corporate property and its method of operation. The alleged non-compliance with the terms of the local franchise was caused, not by the act of the corporation but by the Federal court after it assumed jurisdiction. For that reason a writ of ouster as prayed for should not issue.

Writ denied.

Marshall, CJ., Day, Kinkade, Robinson and Matthias, JJ., concur.